﻿Citation Nr: 18900021
Decision Date: 12/03/18 Archive Date: 12/03/18

DOCKET NO. 180625-38
DATE: December 3, 2018
ORDER
1. New and relevant evidence has been received sufficient to readjudicate the claim of entitlement to service connection for a right shoulder disability; the appeal is granted to this extent only.
REMANDED
2. Entitlement to service connection for a right shoulder disability, to include as secondary to service-connected right wrist and elbow disabilities, is remanded.
FINDINGS OF FACT
1. A July 2015 rating decision denied service connection for a right shoulder disability. The Veteran was notified of her rights but did not appeal or submit new and material evidence during the applicable appellate period.
2. The evidence associated with the file subsequent to the July 2015 rating decision was not previously of record and tends to prove or disprove the claim.
CONCLUSION OF LAW
New and relevant evidence has been received and readjudication of the claim for service connection for a right shoulder disability is required. Pub. L. No. 115-55 § 2(a).
REASONS AND BASES FOR FINDINGS AND CONCLUSION
The Veteran served on active duty from October 1977 to November 1995.
This matter is before the Board of Veterans’ Appeals (Board) on appeal from a February 2018 rating decision issued by a Department of Veterans Affairs (VA) Regional Office (RO).
The Veteran testified at a hearing before the undersigned Veterans Law Judge (VLJ) in August 2018. A transcript of the hearing is of record. In August 2018 correspondence, the Veteran, through her representative, knowingly, voluntarily and intentionally waived the remainder of the 90-day window for the submission of evidence following her hearing. See Clark v. O’Rourke, 30 Vet. App. 92, 97–99 (2018). As such, the Board will proceed with the adjudication of her claim.
The Board notes that during the August 2018 hearing, the Veteran and her representative raised the issue of entitlement to Special Monthly Compensation (SMC) based on having a single disability rated at 100 percent and additional disabilities ratable at 60 percent or more. 38 U.S.C. § 1114(s). Effective March 24, 2015, VA amended its rules as to what constitutes a claim for benefits; such now requires that claims be made on a specific claim form prescribed by the Secretary, which is available online or at the local Regional Office. The Veteran is advised that if she wishes to file a claim, she may do so using the prescribed form.
On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Veteran chose to participate in BEAAM, the Board of Veterans’ Appeals (Board) Early Applicability of Appeals Modernization research program. This decision has been written consistent with the new AMA framework.
1. Whether new and relevant evidence has been submitted.
In a July 2015 rating decision, the agency of original jurisdiction (AOJ) denied entitlement to service connection for a right shoulder disability, to include as secondary to a service-connected right wrist disability. The AOJ stated that there was no evidence of a current diagnosis of a right shoulder disability, an in-service injury or disease, or evidence of a link between a right shoulder disability and either the Veteran’s service or her service-connected right wrist disability. The Veteran did not appeal the decision or submit new and material evidence within the appellate period, and therefore the decision became final.
Evidence received subsequent to the July 2015 rating decision includes December 2017 and February 2018 VA examinations in which the Veteran is diagnosed with rotator cuff tendonitis and a rotator cuff tear, respectively. These examinations reports are new as they were not before agency decision makers at the time of the July 2015 rating decision, and are relevant as they provide diagnoses for the Veteran’s right shoulder disability. 
Therefore, based on the finding that new and relevant evidence has been associated with the record subsequent to the July 2015 rating decision, the claim of entitlement to service connection for a right shoulder disability, to include as secondary to service-connected right wrist and elbow disabilities, must be readjudicated.
REASONS FOR REMAND
2. Entitlement to service connection for a right shoulder disability, to include as secondary to service-connected right wrist and elbow disabilities is remanded.
The issue of entitlement to service connection for a right shoulder disability is remanded to correct a duty to assist error that occurred prior to the February 2018 rating decision on appeal. The Agency of Original Jurisdiction (AOJ) obtained December 2017 and February 2018 medical opinions prior to the February 2018 rating decision on appeal. However, these medical opinions do not provide an adequate rationale regarding whether the Veteran’s right shoulder disability is caused or aggravated by her service-connected right wrist or right elbow disabilities.
The matter is REMANDED for the following action:
1. Schedule the Veteran for an examination by an appropriate clinician to determine the nature and etiology of the Veteran’s right shoulder disability. The examiner is asked to opine as to the following: 
a) Whether the right shoulder disability is at least as likely as not (50 percent probability or higher) related to an in-service injury or disease. The examiner is informed that the Veteran served on active duty from October 1977 to November 1995. Please explain your answer citing to evidence in the file and medical principles.
b) If the answer to a) is negative, whether the right shoulder disability is at least as likely as not (50 percent probability or higher) caused by a service-connected disability or service-connected disabilities. The Veteran is service connected for right wrist fusion with synostosis and arthrosis, right elbow strain with limited flexion and right elbow strain with impaired supination and pronation. Please explain your answer citing to evidence in the file and medical principles.
c) If the answer to b) is negative, whether the right shoulder disability is at least as likely as not (50 percent probability or higher) aggravated (permanently aggravated beyond the normal progression) by a service-connected disability or service-connected disabilities. The Veteran is service connected for right wrist fusion with synostosis and arthrosis, right elbow strain with limited flexion and right elbow strain with impaired supination and pronation. Please explain your answer citing to evidence in the file and medical principles.
d) If the examiner finds that one or more of the Veteran’s service-connected disability or disabilities permanently aggravates the right shoulder disability, the examiner is asked to state whether there is medical evidence created prior to the aggravation or at any time between the time of aggravation and the current level of disability that shows a baseline for the right shoulder disability prior to aggravation. If the examiner is unable to establish a baseline for the right shoulder disability prior to the aggravation, he or she should state such and explain why a baseline cannot be determined.

 
A. P. SIMPSON
Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD C. Wendell, Counsel